## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 17 2020, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
Law Office of Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Zachary R. Griffin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Lloyd Dunn, II,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 17, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1794<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Margot F. Reagan,<br>Judge<br><br>The Honorable Julie Verheye,<br>Magistrate<br><br>Trial Court Cause No.<br>71D04-1812-CM-4299 |

**Pyle, Judge.**

# Statement of the Case

Following a bench trial, John Lloyd Dunn ("Dunn") was found guilty of Class A misdemeanor theft.[1]  On appeal, Dunn challenges the sufficiency of the evidence used to convict him.  Concluding that the State presented sufficient evidence, we affirm Dunn's theft conviction.

We affirm.

# Issue

Whether sufficient evidence supports Dunn's conviction.

# Facts

On November 28, 2018, Elaine Sera ("Sera") looked out of the window of the doctor's office where she worked and noticed two individuals walking down the street in South Bend.  One of the individuals was carrying a large "alcoholic bottle[,]" and they both "appeared to be intoxicated."  (Tr. 4).  Sera watched as the two individuals walked past her office and approached the mailbox of the home next door.  One of the individuals opened the mailbox and removed its contents.  Most of the mail was thrown onto the ground.  However, the individual kept a package that was inside the mailbox.  Anthony Sergio ("Sergio"), who lived in the home next to the doctor's office, was expecting to

---

[1] IND. CODE § 35-43-4-2.

receive an "Anker PowerLine II [phone] charging cable" from an order he had placed with Amazon. (Tr. 7). Sergio had received a notification that his package had been delivered.

[4] After Sergio received a phone call from Sera informing him of her observations, he walked outside and found his mail on the ground. Sergio called 911 and began walking down the street in the direction that the two individuals had been seen heading. Sergio continued walking until he saw two individuals, who matched the description Sera had given him, standing on the other side of the street. Sergio informed the 911 operator of his observation and requested that the operator send an officer to his location.

[5] South Bend Police Officer Andrew Ream ("Officer Ream") responded to Sergio's call. Officer Ream located the two individuals, later identified as Dunn and Otis Rowe ("Rowe"). Officer Ream explained to Dunn and Rowe that he had received a report that property had been taken from a mailbox. Dunn informed Officer Ream that neither he nor Rowe had stolen any property. Dunn then advised Officer Ream that he could check his pockets. During this search, Officer Ream "found a[n] empty box for an Anker brand phone cable." (Tr. 11). Officer Ream then asked Dunn if he had a receipt for the item, and Dunn replied that he did not. Another officer arrived on scene and performed a search of Rowe, which yielded an Anker PowerLine II phone charging cable with its zip-up case.

[6] The State charged Dunn with Class A misdemeanor theft. The trial court conducted a bench trial, wherein the State called Sera, Sergio, and Officer Ream to testify to the facts above. After the State rested, Dunn testified that he and Rowe were walking together on November 28. He explained that he had been drinking all day and was drunk at the time Sergio's package was stolen. Dunn also admitted that he was "the one that had the bottle of wine." (Tr. 17). When asked on direct examination how the empty phone charging cable box got into his pocket, Dunn responded "I don't know. We were walking next -- maybe [Rowe] put it in my pocket. I don't know. I didn't put it in my pocket." (Tr. 18).

[7] Thereafter, the trial court found Dunn guilty as charged, stating:

> And it was clear from the testimony of Ms. Sera that both people were involved in messing around with the mailbox. So, I'm going to find the defendant guilty. Whether as a principal or as someone who aided and abetted in the offense. It doesn't matter.

(Tr. 24). The trial court sentenced Dunn to a twenty (20) day suspended sentence and placed him on probation for 180 days. Dunn now appeals.

## Decision

[8] Dunn argues that the State presented insufficient evidence to support his conviction for Class A misdemeanor theft. Our standard of review for sufficiency of evidence claims is well-settled. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only

the probative evidence and reasonable inferences supporting the verdict. *Id*. Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. The evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*. at 147.

[9] To convict Dunn of Class A misdemeanor theft, the State was required to prove beyond a reasonable doubt that Dunn "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use[.]" I.C. § 35-43-4-2. Here, the trial court found that Dunn was guilty of theft as a principal or an accomplice. An accomplice is any person who knowingly or intentionally aids, induces, or causes another to commit an offense. I.C. § 35-41-2-4. The factors used to determine whether a person is an accomplice include: (1) presence at the scene of the crime; (2) companionship with another at the scene of the crime; (3) failure to oppose the commission of the crime; and (4) course of conduct before, during, and after the crime. *Castillo v. State*, 974 N.E.2d 458, 466 (Ind. 2012). Generally, there is no distinction between the criminal liability of an accomplice and a principal. *Jester v. State*, 724 N.E.2d 235, 241 (Ind. 2000). Evidence that the defendant participated in every element of the underlying offense is not necessary to convict a defendant as an accomplice. *Vitek v. State*, 750 N.E.2d 346, 352 (Ind. 2001). Rather,

[t]here must be evidence [of] affirmative conduct, either in the form of acts or words, from which an inference of a common design or purpose to effect the commission of a crime may be reasonably drawn. Each participant must knowingly or intentionally associate himself with the criminal venture, participate in it, and try to make it succeed. That said, the State need not show that [the accomplice] was a party to the preconceived scheme; it must merely demonstrate concerted action or participation in an illegal act.

*Griffin v. State*, 16 N.E.3d 997, 1003 (Ind. Ct. App. 2014) (internal citations omitted).

[10]     Dunn contends that his actions were inconsistent with someone who aided in the commission of theft because "he offer[ed] his coat to be searched" and did not take "any sort of actions to conceal Rowe's or his involvement." (Dunn's Br. 10). We disagree.

[11]     Here, the evidence allowed the trial court to reasonably infer that Dunn acted as an accomplice in the commission of theft. First, it is undisputed that Dunn was at the scene of the crime with Rowe, evidenced by Dunn's admission at trial that he was with Rowe on the day in question. Second, Dunn and Rowe were companions at the scene. Sera testified that two individuals, one of whom was holding a large bottle of alcohol and appearing to be intoxicated, approached Sergio's mailbox and removed a package, which contained a phone charging cable. Dunn later admitted that he was "drunk" and was "the one that had the bottle of wine." (Tr. 17). Third, after the package was removed, the two individuals continued walking together down the street. Lastly, after Officer Ream stopped Dunn and Rowe and explained to them that he had

received a report that property had been taken from a mailbox, Dunn stated that neither he nor Rowe had any stolen property. A subsequent search of Dunn's pocket, which he invited Officer Ream to conduct, produced the empty Anker PowerLine phone charging cable box. The actual phone charging cable was then recovered from Rowe. Thus, the evidence, and all the favorable inferences drawn therefrom, demonstrates that Dunn: (1) was present at the scene of the crime; (2) acted as a companion with Rowe; (3) failed to oppose the commission of the theft; and (4) took actions to conceal their involvement by denying that they had any stolen property, while simultaneously possessing the empty phone charging box in his pocket. Accordingly, Dunn's argument that his actions were inconsistent with someone who aided in the commission of theft must fail, and we affirm his theft conviction.

[12] Affirmed.

May, J., and Crone, J., concur.